# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY EUGENE LARSON,<br><br>　　　　　　　　　Petitioner,<br><br>vs.<br><br>PAT VASQUEZ, Warden,<br><br>　　　　　　　　　Respondent. | Civil No. 16cv2374-GPC (BLM)<br><br>**SUMMARY DISMISSAL OF SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A) GATEKEEPER PROVISION** |

　　　　Petitioner Harvey Eugene Larson, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his sentence arising from his conviction in San Diego Superior Court Case No. SCE195230. (See Pet. at 1.) This case is summarily dismissed pursuant to 28 U.S.C. § 2244(b)(3)(A) as indicated below.

## **PETITION BARRED BY GATEKEEPER PROVISION**

　　　　The instant Petition is not the first Petition for a Writ of Habeas Corpus Petitioner has submitted to this Court challenging his sentence in San Diego Superior Court Case No. SCE195230. On August 21, 2009, Petitioner filed in this Court a Second Amended Petition for a Writ of Habeas Corpus challenging his conviction and sentence in San Diego Superior Court Case No. SCE195230. (See Larson v. Carrasco, So.Dist.Ca. Case

1  No. 09cv0745-L (PCL), ECF No. 9).)  On February 25, 2011, this Court denied the
2  petition as barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d),
3  and denied a certificate of appealability.  (See <u>Larson v. Carrasco</u>, So.Dist.Ca. Case No.
4  09cv0745-L (PCL), ECF No. 51).)  Petitioner appealed that dismissal, and on August 23,
5  2012, the Ninth Circuit Court of Appeals denied a certificate of appealability and
6  dismissed the appeal.  (See <u>Larson v. Carrasco</u>, So.Dist.Ca. Case No. 09cv0745-L (PCL),
7  ECF No. 59).)

8       Petitioner then challenged the same conviction and sentence in a habeas petition
9  filed in this Court on September 3, 2014.  (See <u>Larson v. Alison</u>, So.Dist.Ca. Case No.
10 14cv2083-JAH (JMA), ECF No. 1).)  The Court dismissed that petition as successive on
11 September 10, 2014.  (See <u>Larson v. Alison</u>, So.Dist.Ca. Case No. 14cv2083-JAH
12 (JMA), ECF No. 3).)  Petitioner again challenged the same sentence in a habeas petition
13 filed in this Court on April 26, 2016, which was dismissed as successive on May 11,
14 2016.  (See <u>Larson v. Alison</u>, So.Dist.Ca. Case No. 14cv2083-JAH (JMA), ECF Nos. 1,
15 3).)  Petitioner once again challenged the same sentence in a habeas petition filed in this
16 Court on July 28, 2016, which was dismissed as successive on August 11, 2016.  (See
17 <u>Larson v. Sherman</u>, So.Dist.Ca. Case No. 16cv1982-WQH (BLM), ECF Nos. 1, 3).)

18      Petitioner is now seeking to challenge the same sentence he challenged in his prior
19 federal habeas petitions, claiming that a prior Wisconsin conviction which was used to
20 enhance his current sentence was a non-qualifying offense for California's Three Strikes
21 law.  (Pet. at 6.)  A petition is second or successive if the claim presented was ripe for
22 review at the time the first petition was filed, even if the petitioner was unaware of the
23 existence of the claim.  <u>United States v. Buenrostro</u>, 638 F.3d 720, 725 (9th Cir. 2011).
24 A petition is not second or successive if the petitioner did not have an opportunity to raise
25 his claim at the time he filed his first petition.  <u>Hill v. Alaska</u>, 297 F.3d 895, 898 (9th Cir.
26 2002).  Because Petitioner "could have raised his claim in his first petition," the instant
27 petition is second or successive.  <u>Cooper v. Calderon</u>, 274 F.3d 1270, 1273 (9th Cir.
28 2001); <u>see also</u> <u>McNabb v. Yates</u>, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding that a

prior dismissal of a previous petition for failure to comply with the one-year statute of limitations renders subsequent petitions challenging the same conviction or sentence "second or successive" under 2244(b)).  Although Petitioner contends: "There has been a change in the law" which permits him to raise the sentencing error claim now (Pet. at 6), he still must first obtain permission from the Ninth Circuit before this Court can consider his claim.  See 28 U.S.C. § 2244(b)(2)(A)&(b)(3)(A).  Unless a petitioner shows he or she has obtained an order from the appropriate court of appeals authorizing the district court to consider a successive petition, the petition may not be filed in the district court.  See 28 U.S.C. § 2244(b)(3)(A).  Petitioner does not indicate that he has received permission from the Ninth Circuit Court of Appeals to file a second or successive petition.  (Pet. at 5.)

## CONCLUSION

Because Petitioner has not obtained permission from the Ninth Circuit Court of Appeals to file a successive petition, this Court cannot consider his Petition.  See United States v. Lopez, 577 F.3d 1053, 1061 (9th Cir. 2009) ("If the petitioner does not first obtain our authorization, the district court lacks jurisdiction to consider the second or successive application.")  Accordingly, the Court **DISMISSES** this action without prejudice to Petitioner filing a petition in this court if he obtains the necessary order from the Ninth Circuit Court of Appeals.  **The Clerk of Court is directed to send Petitioner a blank Ninth Circuit Application for Leave to File Second or Successive Petition.**

**IT IS SO ORDERED.**

Dated:  September 26, 2016

Hon. Gonzalo P. Curiel
United States District Judge